UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
OCT 19 2016
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cr- |
| | ) | |
| TIMOTHY MARCHAL, | ) | |
| | 1 | 16-cr- 0229 WTL -DML |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that:

At times material to all of these charges:

1. TIMOTHY MARCHAL, the defendant herein, was a resident of Logansport, Indiana in the Northern District of Indiana;

2. The visual depictions distributed by TIMOTHY MARCHAL were received in the Southern District of Indiana.

3. The Internet is a facility of interstate or foreign commerce. The Hewlett-Packard laptop computer used by TIMOTHY MARCHAL to distribute, receive and possess visual depictions of minors engaged in sexually explicit conduct was manufactured outside of the State of Indiana.

**Definitions**

4. The term "minor" means a person under the age of eighteen (18) years as defined in Title 18, United States Code, Section 2256.

5. The term "sexually explicit conduct" as defined in 18 U.S.C. § 2256, means actual or simulated 1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex; 2) bestiality; 3) masturbation; 4) sadistic or masochistic abuse; or 5) lascivious exhibition of the genitals or pubic area of any person.

6. The term "visual depiction" was defined as set forth in Title 18, United States Code, Section 2256(5), as including data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

**COUNT I**

**Distribution or Receipt of Child Pornography**
**18 U.S.C. § 2252(a)(2)**

7. Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated by reference in Count 1.

8. On or between March 5, 2016 and May 5, 2016, TIMOTHY MARCHAL knowingly received and distributed a visual depiction, using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce, by any means including by computer, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, that is: the Defendant used a Hewlett-Packard laptop computer with a connection to the internet to distribute and receive

visual depictions of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2)(A).

All of which is a violation of Title 18, United States Code, Section 2252(a)(2).

**COUNT II**
**Knowing Possession of Child Pornography**
**18 U.S.C. § 2252(a)(4)(B) and (b)(2)**

9. Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated by reference in Count 2.

10. On or about May 5, 2016, TIMOTHY MARCHAL, the defendant herein, knowingly possessed one or more books, magazines, periodicals, films, video tapes, and other matter, which contained visual depictions that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and shipped and transported in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, by any means including by computer, where the producing of such visual depictions involved the use of minors engaging in sexually explicit conduct and such visual depictions were of such conduct, that is: the defendant knowingly possessed a computer that contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), which images were acquired through a connection to the internet, and further, at least one of the visual depictions is of a prepubescent minor or a minor who was less than 12 years of age engaged in sexually explicit conduct.

All of which is a violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

**FORFEITURE**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 2253 and 2254 as part of any sentence imposed.

2. Pursuant to Title 18, United States Code, Section 2253, if convicted of the offenses set forth in Counts I and II of this Indictment, the defendant shall forfeit to the United States:

a. any items seized on or about May 5, 2016, including but not limited to a Hewlitt Packard Laptop Computer and an external hard drive;

b. any visual depictions described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which were produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses of which the defendant is convicted, or any property traceable to such property, such as all computers, storage media, cameras and electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses. It also includes any property, real or personal, constituting or traceable to gross profits of other proceeds derived from said

offenses.

3. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 2253(b), if any of the property described above in paragraph 2, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty.

4. In addition, the United States may seek civil forfeiture of the property described above in paragraph 2 pursuant to Title 18, United States Code, Section 2254.

A TRUE BILL:

[redacted]

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: ______________________ for
Kristina Marie Korobov
Assistant United States Attorney